UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISE MENSCH<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA; and<br>UNITES STATES INTERNAL REVENUE<br>SERVICE<br><br>        Defendants. | **CIVIL COMPLAINT** |

## PARTIES

1. Plaintiff Louise Mensch ("Plaintiff") is a resident of New York County, New York. Her social security number is ▇▇▇▇▇▇▇.

2. Defendant the United States of America includes all government agencies and departments.

3. Defendant the Unites States Internal Revenue Service ("IRS") is a federal tax-collection agency that is responsible for the implementation and enforcement of the internal revenue laws.

## JURISDICTION AND VENUE

4. This is an action to recover a refund reported on Plaintiff's 2018 Form 1040, filed on January 8, 2020 pursuant to an automatic extension. This Court has jurisdiction under 28 U.S.C. § 1346(a)(1). Venue is proper pursuant to 28 U.S.C. §1402.

1

## ALLEGATIONS

I.   FACTS SUPPORTING REFUND CLAIM

### A.   2016 Tax History

5.   Plaintiff married Peter Mensch in New York County, New York on or about February 17, 2011. Peter Mensch's social security number is ▮▮▮▮▮▮▮. At all relevant times, both Plaintiff and Peter Mensch were residents of the State of New York and subject to the rules of equitable distribution of property earned during a marriage as applicable within the State of New York.

6.   On November 13, 2017 Plaintiff filed a joint federal income tax return (with status "Married Filing Jointly") for herself and her than husband Peter Mensch with respect to calendar year 2016 (the "2016 Return").

7.   At the time of the filing, Plaintiff and Peter Mensch were still legally married and not separated. The 2016 Return reflected the incomes earned during the 2016 year (in which they were married) of both the Plaintiff and Peter Mensch. There are no known audits or challenges to the 2016 Return as filed.

8.   An overpayment of $1,151,977 was reported on line 75 of the 2016 Return, resulting from over-withholding against wages earned in 2016, *i.e.*, during the marriage and therefore subject to equitable distribution in the State of New York.

9.   As is the normal case where a taxpayer reports an overpayment, the Form 1040 provides a choice to take the overpayment as a payment of a refund (Line 76a) or instead credit the overpayment as an estimated payment to the following year's income taxes (line 77).

10.   On line 77 of the 2016 Return, the couple chose to designate the full overpayment of $1,151,977 to be applied to estimated taxes in 2017.

### B.   2017 Tax History

2

11.     During the year 2017, Plaintiff and Peter Mensch were still married, still not separated and filed a joint federal income tax return (the "2017 Return").

12.     On line 65 of the 2017 Return, the couple reported the carryover of their 2016 refund toward their estimated 2017 tax payments totaling $1,151,977, as discussed above.

13.     This carryforward, in connection with other payments made in 2017, resulted in an overpayment of tax payments in 2017.

14.     The other payments with respect to taxes during 2017 were made, similarly to 2016, from withholdings against wages during 2017, which wages were income subject to equitable distribution in the State of New York as income earned during the course of the marriage.

14.     On line 77 of the 2017 Return, Plaintiff and Peter Mensch designated $818,192 to be carried over and applied to estimated taxes in 2018.

### C.     2018 Tax History

15.     During the year 2018, Plaintiff and Peter Mensch were separated and in the process of divorce.

16.     Plaintiff and Peter Mensch subsequently divorced pursuant to a Judgment of Divorce, Dated August 22, 2019, which incorporated (but did not merge with) the Stipulation of Settlement that Plaintiff and Peter Mensch entered into and that the court so ordered on July 19, 2019.

17.     Plaintiff and Peter Mensch's so ordered Stipulation of Settlement of July 19, 2019 did not provide for the allocation of any tax refunds during the marriage nor was any agreement reached between the Internal Revenue Service and the divorcing couple as to the proper allocation of the 2017 carryforward refund.

18. Plaintiff filed her tax return for 2018 with a filing status of "Married Filing Separately" on February 24, 2020 (the "2018 Return"), a filing that was late but well within the three-year limitation for request of a refund of taxes overpaid.

19. On her 2018 federal income tax return, plaintiff claimed one-half of $805,689[1] on Line 66 of Schedule 5 ("Other Payments and Refundable Credits") of the 2018 Return, as a carryforward of one-half of the prior tax carryforward indicated on line 66 of her 2017 Return.

## II.   NON-DISTRIBUTION OF REFUND TO PLAINTIFF

18. By letter dated February 24, 2020 (the same date the 2018 Return was electronically filed), the Internal Revenue Service sent Plaintiff a Notice CP23 with respect to tax year 2018 indicating "Changes to your 2018 Form 1040".

19. The letter stated "We changed your 2018 Form 1040 to match our record of your estimated tax payments, credits applied from another tax year, and/or payment received with an extension to file."

20. The net result of the change was to eliminate entirely the one-half of the carryforward credit from 2017 claimed on Plaintiff's 2018 Return.

21. No analysis was presented by the Internal Revenue Service proposing any allocation of the carryforward or requesting any additional information relating to the source of funds comprising the payments that gave rise to the carryforward credit.

22. To date, Plaintiff has not received the proper credit and refund due to her for the tax year ending December 31, 2018 nor any portion thereof.

**PRAYER FOR RELIEF**

---

[1] The minor difference between the $818,192 amount claimed on the 2017 joint return and the $805,689 figure, one half of which was claimed as a credit by Plaintiff on her 2018 return, is not immediately obvious from the record.

WHEREFORE, plaintiff demands judgement in the amount of $402,844, plus interest and costs allowed by law, and such other relief as the Court may deem just, including award of attorneys' fees under 26 U.S.C. §7430.

Dated: July 19th, 2021

By: _____
David K. Spencer
Attorney for Plaintiff
Law Offices of David K. Spencer, P.C.
One Liberty Plaza, 23rd Floor
New York, NY 10006
212.858.9855
David@spencertaxlaw.com