AUDREY STRAUSS
United States Attorney for the
Southern District of New York
By: DANIELLE J. LEVINE
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2689
E-mail: danielle.levine@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOUISE MENSCH,<br><br>                      Plaintiff,<br><br>                      -v-<br><br>UNITED STATES OF AMERICA and UNITED STATES INTERNAL REVENUE SERIVCE,<br><br>                      Defendants. | No. 21 Civ. 6176 (CM)<br><br>**ANSWER** |

Defendants the United States of America and the United States Internal Revenue Service ("IRS," and together, "Defendants"), by their attorney, Audrey Strauss, United States Attorney for the Southern District of New York, hereby answer the Complaint of Plaintiff Louise Mensch ("Plaintiff") upon information and belief as follows:

      1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

      2.      Deny the allegations contained in Paragraph 2 of the Complaint, and aver that the United States of America means the United States of America.

      3.      Deny the allegations contained in Paragraph 3 of the Complaint, aver that the IRS is a bureau of the U.S. Department of the Treasury, and respectfully refer the Court to the

statutes and regulations governing the IRS for a complete and accurate description of its responsibilities.

4. Paragraph 4 of the Complaint consists of Plaintiff's characterization of this action and legal conclusions, to which no response is required.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Deny that Plaintiff and Peter Mensch filed a joint federal income tax return for tax year 2016 on November 13, 2017, but aver that Plaintiff and Mr. Mensch filed such a return on October 19, 2017, which was processed by the IRS on November 13, 2017.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 7 of the Complaint, and admit the allegations contained in the last sentence of Paragraph 7.

8. Admit that an overpayment of $1,151,977 was reported on line 75 of the 2016 return, respectfully refer the Court to the return for its true and complete contents, and deny any allegation that is inconsistent with the return. The remainder of the allegations contained in Paragraph 8 consist of legal conclusions, to which no response is required.

9. Admit the allegations contained in Paragraph 9 of the Complaint, respectfully refer the Court to the Form 1040 for its true and complete contents, and deny any allegation that is inconsistent with the Form 1040.

10. Admit the allegations contained in Paragraph 10 of the Complaint, respectfully refer the Court to the 2016 return for its true and complete contents, and deny any allegation that is inconsistent with the return.

11. Admit that Plaintiff and Mr. Mensch jointly filed a federal income tax return for tax year 2017, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint.

12. Admit the allegations contained in Paragraph 12 of the Complaint, respectfully refer the Court to the 2017 return for its true and complete contents, and deny any allegation that is inconsistent with the return.

13. Admit the allegations contained in Paragraph 13 of the Complaint.

14. Admit that Plaintiff and Mr. Mensch made a payment of $350,000 to the IRS, which was processed by the IRS on April 17, 2018. The remainder of the allegations contained in Paragraph 14 consist of legal conclusions, to which no response is required.

15. Admit the allegations contained in Paragraph 14 (15),[1] respectfully refer the Court to the 2017 return for its true and complete contents, and deny any allegation that is inconsistent with the return.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 (16) of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 (17) of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 (18) of the Complaint.

19. Deny that Plaintiff filed her tax return for tax year 2018 on February 24, 2020, but aver that she filed this return on January 28, 2020, with a filing status of "Married Filing

---

[1] In section I.B, page 3 of Plaintiff's Complaint, the paragraph numbers restart at paragraph 14. Thus, paragraph 14 under section I, B should be numbered Paragraph 15.

Separately," and that the IRS processed the return on February 24, 2020. Respectfully refer the Court to the 2018 return for its true and complete contents, and deny any allegation that is inconsistent with the return. The remainder of the allegations contained in Paragraph 18 (19) consist of legal conclusions, to which no response is required.

20. Admit that Plaintiff claimed $402,844 as 2018 estimated tax payments and the amount applied from the 2017 return on Line 66 of Schedule 5 of her 2018 return, respectfully refer the Court to the 2018 return for its true and complete contents, and deny any allegation that is inconsistent with the 2018 return.

21. Admit the allegations contained in Paragraph 18 (21),[2] respectfully refer the Court to the Notice CP23 for its true and complete contents, and deny any allegation that is inconsistent with the Notice CP23.

22. Admit the allegations contained in Paragraph 19 (22), respectfully refer the Court to the Notice CP23 for its true and complete contents, and deny any allegation that is inconsistent with the Notice CP23.

23. Deny the allegations contained in Paragraph 20 (23) of the Complaint.

24. Paragraph 21 (24) consists of Plaintiff's characterization of the Notice CP23, to which no response is required. Defendants respectfully refer the Court to the Notice CP23 for its true and complete contents, and deny any allegation that is inconsistent with the Notice CP23.

25. Deny the allegations contained in Paragraph 22 (25) of the Complaint.

---

[2] In section II, page 4 of Plaintiff's Complaint, the paragraph numbers restart at paragraph 18. Thus, paragraph 18 under section II should be numbered paragraph 21.

The portion of the Complaint titled "Prayer for Relief" contains Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief she seeks or to any relief.

**DEFENSES**

The Complaint should be dismissed in whole or in part for failure to state a claim on which relief may be granted.

Defendants may have additional defenses that are not known at this time but which may become known through further proceedings. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendants respectfully request that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as it deems just and proper.

Dated: October 8, 2021
New York, New York

Respectfully submitted,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: */s/ Danielle J. Levine*
DANIELLE J. LEVINE
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2689
danielle.levine@usdoj.gov