UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

LOUISE MENSCH,

          Plaintiff,

  v.

UNITED STATES OF AMERICA and UNITED
STATES INTERNAL REVENUE SERVICE,

          Defendants.
-------------------------------------------------------------------x

UNITED STATES OF AMERICA,

          Third-party Plaintiff,

  v.

PETER MENSCH,

          Third-party Defendant.
-------------------------------------------------------------------x

Case No. 21 Civ. 6176 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/2022

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

    WHEREAS, all the parties to this action (each a "Party" and collectively the "Parties") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic financial and tax information that they may need to disclose in connection with discovery in this action;

    WHEREAS, the Parties, through counsel, agree to the following terms; and

    WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action; and

1

WHEREAS, the Parties have incorporated the following provisions from Rule VI of this Court's Individual Rules of Practice (the "Court's Addendum"):

> The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.
>
> It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.
>
> The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.
>
> If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document-by-document review and decision on whether that document should be subject to confidential treatment;

**IT IS HEREBY ORDERED** that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

2

1.   With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material to anyone else except as this Order expressly permits.

2.   The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential or Confidential-Attorneys' Eyes Only only the portion of such material that it reasonably and in good faith believes consists of:

(a)   previously non-disclosed financial information (including but not limited to tax returns or analyses of tax returns);

(b)   any information of a personal or intimate nature regarding any individual; or

(c)   any other category of information this Court subsequently affords confidential status.

3.   With respect to the Confidential or Confidential-Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Confidential-Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" or "Confidential-Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the Confidential information or Confidential-Attorneys' Eyes Only information redacted.

4.      The party receiving the Confidential or Confidential-Attorney's Eyes Only Discovery Material (the "Receiving Party"), may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential or Confidential-Attorneys' Eyes Only. If the Producing Party does not agree to declassify such document or material, the Receiving Party may move this Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential and/or Confidential-Attorneys' Eyes Only, as designated. If such motion is filed, the documents or other material shall be deemed Confidential or Confidential-Attorneys' Eyes Only, as designated, unless and until the Court rules otherwise. On such a motion, the Producing Party bears the burden of establishing the propriety of its designation of the documents or information as Confidential and/or Confidential-Attorneys' Eyes Only.

5.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information or Confidential-Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or "Confidential-Attorneys' Eyes Only Information Governed by Protective Order" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," or "Confidential-Attorneys' Eyes Only" in which case all counsel receiving the transcript will be responsible for marking the copies of the

4

designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential or Confidential-Attorneys' Eyes Only.

6. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Confidential-Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Confidential-Attorneys' Eyes Only.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a) the Parties to this action;

    (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel

5

hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action;

(i) this Court, including any appellate court, its support personnel, and court reporters; and

(j) such other persons as hereafter may be authorized by the Court upon motion of any party.

9. Before disclosing any Confidential Discovery Material to any person referred

6

to in subparagraphs 8(d), 8(f), or 8(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to counsel for all Parties either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. Where a Producing Party has designated Discovery Material as Confidential-Attorneys' Eyes Only, such Discovery Materials may only be furnished, shown or disclosed to those persons or entities set forth in paragraphs 8(b)-(e), 8(g)-(j) above.

11. Any party filing documents under seal must file with the Court, in accordance with the Court's Individual Rules of Practice and the Southern District of New York's Electronic Case Filing Rules and Instructions, a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The Parties agree to the Court's Addendum, which is expressly incorporated into this Order. This Order is subject to the Court's Addendum in all respects.

12. In filing Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

13. Any Party who objects to any designation of Confidential or Confidential-Attorneys' Eyes Only may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Rules of Practice.

14. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15. Nothing in this Order shall prevent the disclosure of Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material to governmental authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

16. Each person who has access to Discovery Material designated as Confidential or Confidential-Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material or Confidential-Attorneys' Eyes Only

Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material or Confidential-Attorneys' Eyes Only. Any such archival copies that contain or constitute Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material remain subject to this Order.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

19. Extracts and summaries of Confidential or Confidential-Attorney's Eyes Only Discovery Material shall also be treated as confidential in accordance with the provisions of this Order.

20. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

March 23, 2022

_____
Attorneys for Plaintiff
Louise Mensch

_____ 3/23/22
Attorneys for Defendant/Third-party Plaintiff
United States of America

_____
Attorneys for Third-Party Defendant
Peter Mensch

SO ORDERED

_____
Colleen McMahon
United States District Judge

3-25-2022

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

LOUISE MENSCH,                                                Case No. 21 Civ. 6176 (CM)

        Plaintiff,

vs.

UNITED STATES OF AMERICA and UNITED
STATES INTERNAL REVENUE SERVICE,

        Defendants.
-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

        Third-party Plaintiff

vs.

PETER MENSCH,

        Third-party Defendant.
-------------------------------------------------------------------X

        I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Confidential-Attorneys' Eyes Only. I agree that I will not disclose such Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to

punishment for contempt of Court.

_____

Dated: